ORLANDO M. BOGART and Others, Respondents, *v.* JOSEPH DART, Appellant, Impleaded. etc.

*Injury to personal property — what is — Code of Civil Procedure, sec.* 635, *sub.* 3 — *the property of one partner in the firm assets cannot be attached for the fraud of his absconding co-partner.*

A person who has been induced to make advances upon the faith of forged bills, notes and acceptances, has sustained an " injury to personal property " within the meaning of these terms as used in subdivision 3 of section 635 of the Code of Civil Procedure, prescribing the cases in which an attachment may be granted.

The fact that one of two partners has been guilty of fraudulent acts, and has thereafter absconded from the State, will not authorize the granting of an attachment against the firm property, where it appears that the other partner has remained in this State, engaged in carrying on his business, and has been guilty of no actual misconduct. In such a case the attachment can only be issued against the property of the absconding and guilty partner.

Appeal from an order made at Special Term, denying a motion to vacate and modify an attachment granted in this action.

This is an appeal from an order denying a motion made by and on behalf of the defendant Dart to vacate and modify an attachment issued against property held by a firm in which he was a partner. The affidavit on which the attachment was granted, contained the following allegations : " That the defendants, as partners under the firm name of Swezey & Dart, between the 1st day of October, 1880, and the 28th day of January, 1881, through fraud and deceit, and the use of false tokens, to wit, certain forged bills, notes and acceptances, and with intent to deceive and defraud these plaintiffs, induced the plaintiffs to advance to them, and the plaintiffs being so deceived and defrauded, and believing the said notes, bills and acceptances to be genuine and valid business paper, did advance to the defendants, between the dates aforesaid, by way of discount of the said forged bills, notes and acceptances, sums of money amounting in the aggregate to $62,512.13, no part of which has been paid.

" And deponent further says that he is informed by Joseph Dart, one of the said defendants, and verily believes the defendant John A. Swezey, who has had the entire management of the pecuniary affairs of the defendants, and who alone is responsible for the uttering of the said forged paper, and for the perpetration of the said

fraud and deceit, has absconded and departed from the State with intent to defraud the creditors of said firm and to avoid the service of a summons upon him."

*William Stanley*, for the appellant.

*B. F. Blair*, for the respondents.

DANIELS, J.:

The attachment directed the seizure of so much of the property of the defendant Swezey, and of both defendants as copartners, as would satisfy the plaintiff's demand, consisting of the sum of upwards of $62,000. It was created by advances made upon the faith of forged bills, notes and acceptances. But while the affidavit in general terms charges both the defendants with the fraud, it appears by the concluding paragraph contained in it that it was perpetrated alone by the defendant Swezey. These facts created a cause of action in the plaintiff's favor against the firm, and it was an injury to personal property within the meaning of those terms as they have been used (Code of Civil Pro., sub. 3, § 635), for by subdivision 9 of section 2, chapter 449, Laws of 1876, and subdivision 10 of section 3343 of the Code of Civil Procedure, any act other than a personal injury by which the estate of another is lessened or reduced is declared to be an injury to personal property. According to these provisions sufficient cause of action was shown upon which an attachment could lawfully be issued. But that, of itself, did not entitle the plaintiff to this remedy. It was necessary, in addition to the right of action, that a further fact should be established before an attachment could be lawfully issued, and what that fact shall be has been defined by the provisions contained in section 636 of the Code of Civil Procedure. It must, according to the terms of that section, consist in the circumstance either that the defendant was not a resident of the State, or that he has departed therefrom with intent to defraud his creditors or to avoid the service of a summons, or keeps himself concealed with that intent.

Other causes are also provided for which are not now required to be considered, because they are in no way connected with this case. For the purpose of bringing it within the language of this section

it is stated in the affidavit, that Swezey who alone is responsible for uttering the forged paper and for the perpetration of the fraud and deceit, had absconded from the State with the intent to defraud the creditors of his firm and to avoid the service of a summons upon him. As to this particular defendant this was all that was required to entitle the plaintiff to the benefit of the provisions of the act allowing an attachment to be issued. But it appeared that the other member of the firm had in no manner departed from this State, or otherwise rendered himself obnoxious to the provisions of the statute declaring the causes required to be shown for the purposes of justifying an attachment. He, on the other hand, remained in the State engaged in the transaction of his business, and no actual misconduct of any description was alleged against him.

The provisions of the Code as they have been enacted have provided for the remedy by attachment only because of some specified delinquency on the part of the person or persons whose property is to be seized. They do not, because other persons may be connected in business with the party guilty of the misconduct, allow their property to be seized because of his act. But they provide for the issuing of the attachment against the property of one or more of the defendants who are shown to have committed one of the acts subjecting him or them to this remedy. And it is only against the person or persons who have been shown to have done what the statute, in this connection, has intended to prohibit, that the attachment can properly be issued. When it is issued it must be against the property of the person or persons who are shown to have done that which, according to subdivision 2, section 636, of the Code, can only be made the foundation of such a proceeding. In the present case but one of the defendants has left the State, either with the intent to defraud his creditors or to avoid the service of a summons upon him, and consequently he was the only person against whom a case was presented on which, by any possibility, an attachment could be issued. What the Code has provided in this connection is a remedy against the party whose misconduct has brought himself within its provisions. They are personal in their character and render the individual alone liable to be so proceeded against who has been guilty of one or more of the acts intended to be redressed by this mode of proceeding. It has not evinced the

existence of any intent whatever to punish one person for the guilt of another. In this respect not only its terms, but also its spirit, require that it should be construed substantially the same as the other provisions have been, declaratory of the causes where parties in civil actions may be arrested. (*Hathaway* v. *Johnson*, 55 N. Y., 93; *Hitchcock* v. *Peterson*, 14 Hun, 389.)

By the construction given to those provisions one party is not allowed to be arrested because of the fraud or misconduct of another, and from the terms made use of prescribing the cases in, and the circumstances under which attachments may be issued, it is evident that the legislature intended that a like policy should be observed.

The attachment upon the affidavit presented in this case could only lawfully issue against the property of Swezey, who was the defendant shown to be in fault. As to the other party, no cause for issuing an attachment was either shown or in any form intimated. For that reason the attachment itself should be so far vacated as it directed the seizure of the property of the firm, and it should be limited in its effect to the property alone of the defendant Swezey.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order modified as directed in opinion.